**In re BOB GRISSETT GOLF SHOPPES, INC., Debtor.**

**Bankruptcy No. 82–01428–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Aug. 3, 1987.

Ann E. Schmitt, Alexandria, Va., for Stanley Spoont.

John W. Thyden, Springfield, Va., for debtor.

Gerald M. O'Donnell, Alexandria, Va., Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

In a Memorandum Opinion dated June 25, 1985, 50 B.R. 598, the Court denied John W. Thyden compensation for his term as Comptroller of the debtor, Bob Grissett Golf Shoppes, Inc., and reduced Thyden's compensation for services rendered as attorney for the debtor to the sum of $5,000.00. Because Thyden had already re-

ceived $7,000.00 in salary from the then debtor-in-possession, the Court further ordered that Thyden disgorge the sum of $2,000.00.

On October 4, 1985, Thyden filed a Motion for Reconsideration challenging the Court's jurisdiction over salaries paid by a debtor-in-possession, and calling to the Court's attention several undisclosed facts. Thyden's jurisdictional argument has only a single feature: Thyden asserts that in the absence of a formal motion or complaint asserting illegal, improper or excessive compensation of an employee, the Court has no jurisdiction over either the person of the employee or the subject matter of the debtor's salary rolls. Consequently, Thyden argues that the Court had no power to deny Thyden compensation for his duties as comptroller, and no power to order a disgorgement. No authority is cited in support of this proposition.

■■ It is apparent that the Court has jurisdiction over the concurrent employment of Thyden as comptroller of and counsel for the debtor pursuant to section 329 of the Bankruptcy Code, entitled "Debtor's transactions with attorneys":

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under Chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

Undoubtedly, Thyden's service as comptroller was rendered "in connection with the case" within the meaning of subsection 329(a), for it is clear from Congress' employment of the phrase "whether or not such attorney applies for compensation" that the statute covers *all* services rendered by debtor's counsel. The Court's June 25, 1985 ruling that Thyden's employment as comptroller was "improper while he simultaneously was employed as the debtor's attorney" was a finding contemplated by subsection 329(b): because substantial overlap existed between Thyden's legal services and his duties as a comptroller, the Court found that Thyden's salary "exceed[ed] the reasonable value of [his] services." The Court's order of disgorgement is a remedy specified in subsection 329(b)(1).

■■ Thyden himself invoked the jurisdiction of the Court over all matters of compensation by requesting pursuant to section 330 compensation for his services as counsel for the debtor. The opening sentence of section 330 contains an explicit mandate that the Court consider the text of section 329 when awarding compensation to debtor's counsel:

(a) After notice to any parties in interest and to the United States trustee and a hearing, *and subject to section 326, 328, and 329 of this title*, the court may award to ... the debtor's attorney

(1) reasonable compensation for actual, necessary services ... and

(2) reimbursement for actual, necessary expenses.

Accordingly, the Court must reject Thyden's argument that absent a complaint alleging improper or excessive compensation the Court is without power to control salaries paid to attorneys simultaneously employed as counsel to a debtor.

In addition to challenging the Court's jurisdiction over the matter of his salary, Thyden sets forth in his motion a proffer of evidence in support of a more favorable ruling on his requests for compensation for legal services. Thyden notes that his legal

services, for which the Court awarded him $5,000.00, were of significant benefit to the estate, for Thyden recovered the sum of $12,000.00 from recipients of preferential payments. As comptroller, Thyden met with Robert Grissett, principal of the debtor, on a weekly basis, issued all corporate checks, and forged agreements with the major vendors supplying the debtor with merchandise. Thyden also engineered the debtor's compliance with I.R.S. withholding requirements.

Thyden asserts that he accepted the position as comptroller "at the express request of Mr. Robert E. Grissett and Dr. Spoont [an equity security holder of the debtor who had executed a secured guarantee of the debtor's secured loans from Sovran Bank], only after no other person would accept the position, and voluntarily disclosed the relationship at the first meeting of creditors, before he drew his first pay check." Thyden notes that all parties in interest either expressly agreed to his employment or acquiesced to the arrangement after full disclosure of the terms and circumstances.

Nothing in Thyden's argument in favor of reconsideration sheds new light on the issue decided in the Court's opinion of June 25, 1985. The issue then before the Court was the extent to which a secured creditor could be charged with the expenses of administration of the estate. The Court found that Dr. Spoont, the secured creditor, could be charged with only part of the legal services billed by Thyden in the absence of any showing that the services benefitted Spoont and in view of "the equities in the circumstances ... noting in particular the number of hours billed for routine functions as the debtor's financial officer ... and the chronic and substantial operating losses reported by the debtor during this period." Finding simultaneous employment as comptroller and counsel improper, the Court ruled that the secured creditor could be charged with responsibility for neither Thyden's $1,000.00 per month salary, nor a substantial portion of his billings for legal fees.

■ Thyden appears to have based his argument for reconsideration upon Dr. Spoont's knowledge of and consent to Thyden's employment as comptroller. As discussed in the Court's opinion of July 25, 1985, the consent of a secured party to a particular expenditure may bind that party to pay for the expenditure if the estate is without sufficient funds for payment. However, Spoont's consent to Thyden's impropriety cannot make Thyden's simultaneous employment proper. Because the Court's disallowance of Thyden's salary was based solely on his impropriety in accepting both positions, the June 25, 1985 ruling must stand.

■ The final issue raised in the Motion for Reconsideration is the Court's silence on the issue of Thyden's out-of-pocket expenses. According to his Petition for Compensation filed August 22, 1983, Thyden incurred the following expenses:

| | |
|---|---|
| telephone | $447.51 |
| postage | 55.32 |
| xerox | 59.00 |
| parking | .50 |
| | $562.33 |

The Court inadvertently neglected to rule on Thyden's request for reimbursement; we now approve Thyden's expenses in full.

An appropriate Order will enter.